IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JON HUME, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:24-cv-00746 |
| ) | Judge Aleta A. Trauger |
| UNIVERSAL MUSIC GROUP, INC., and ) | |
| UNIVERSAL MUSIC AUSTRALIA PTY ) | |
| LIMITED, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM

This case concerns an alleged copyright infringement of the plaintiff's instrumental recordings. The defendant Universal Music Group, Inc. ("UMG") has filed a Motion to Dismiss (Doc. No. 14), to which the plaintiff has filed a Motion for Leave to Conduct Preliminary Jurisdictional Discovery (Doc. No. 19) and UMG has filed a Combined Response in Opposition to Plaintiff's Motion for Leave to Conduct Preliminary Jurisdictional Discovery and Reply in Support of its Motion to Dismiss. (Doc. No. 22.) A ruling on the Motion to Dismiss will be deferred, and the Motion for Leave will be granted.

I.  FACTS

The plaintiff, Jon Hume, is an Australian music producer living in Tennessee. (Doc. No. 1 ¶¶ 1, 9.) UMG is a Delaware corporation with its principal place of business in California. (*Id.* ¶ 2; Doc. No. 15, at 4.) The other defendant is Universal Music Australia PTY Limited ("UMG Australia");[1] its corporate status and relationship to UMG is unclear. (*Compare* Doc. No. 1 ¶ 6

---

[1] The court notes that both the plaintiff and moving defendant adopt this abbreviation.

("UMG Australia purports to be an Australian corporation, although it holds itself out as a 'division' of UMG."), *with* Doc. No. 15, at 15 (describing UMG Australia as "an Australian record company").)

In 2015, Hume and Dean Lewis, an Australian recording artist affiliated with UMG Australia, together composed the musical composition "Be Alright." (Doc. No. 1 ¶¶ 8–9.) Hume created the song's instrumental tracks (the "Stems"), and Lewis created the vocal tracks, for the original composition ("Original Recording"). (*Id.* ¶ 9.) In 2016, Lewis created a different version of "Be Alright" with another producer, and that version of the song (the "Released Master") became an "international sensation." (*Id.* ¶¶ 10–11, 20–21.) According to the Complaint, the song was released in the United States "pursuant to intercompany agreements" between UMG Australia and UMG. (*Id.* ¶ 20.) According to the Complaint, the defendants have distributed the song worldwide, including in this judicial district, and have profited thereby. (*Id.* ¶ 3.)

Hume alleges that more than half of his Stems from the Original Recording were included in the Released Master (despite UMG Australia's repeated representations to the contrary) without his permission and without compensation. (*Id.* ¶¶ 10–19, 22.)

## II.  PROCEDURAL HISTORY

On June 19, 2024, the plaintiff sued the defendants, invoking this court's subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338. (*Id.* ¶ 4.) The plaintiff alleges copyright infringement and related claims. (*Id.* ¶¶ 23–35, 46–59.) He seeks damages, an accounting of profits, and other relief. (*Id.* at 10–11.)

On August 12, 2024, UMG filed its Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 14), accompanying Memorandum (Doc. No. 15), and Declaration (Doc. No. 16). On September 13, 2024, the plaintiff filed a Motion for Leave to Conduct Preliminary Jurisdictional

2

Discovery (Doc. No. 19), accompanying Memorandum (Doc. No. 20), a Declaration (Doc. No. 20-1), and an Exhibit (Doc. No. 20-2). UMG filed a Combined Response in Opposition to Plaintiff's Motion for Leave to Conduct Preliminary Jurisdictional Discovery and Reply in Support of its Motion to Dismiss. (Doc. No. 22.)

### III. LEGAL STANDARDS

"District courts have discretion to decide whether jurisdictional discovery is needed." *Cooper v. Glen Oaks Healthcare LLC*, No. 22-5570, 2023 WL 165961, at *1 (6th Cir. Jan. 12, 2023) (citing *Hohman v. Eadie*, 894 F.3d 776, 781 (6th Cir. 2018)). But "a plaintiff must, at a minimum, offer a factual basis for its jurisdictional allegations; give the court 'a reasonable basis to expect that . . . discovery would reveal evidence that supports the claimed jurisdiction'; and explain what evidence relevant to jurisdiction they would be denied from obtaining." *Angel's Dream, LLC v. Toledo Jet Ctr., LLC*, 684 F. Supp. 3d 663, 671 (N.D. Ohio 2023) (quoting *C.H. ex rel. Shields v. United States*, 818 F. App'x 481, 484 (6th Cir. 2020)). "Courts may—and typically do—consider the likely usefulness of the requested discovery, the moving party's diligence, or the opposing party's cooperativeness." *Cooper*, 2023 WL 165961, at *1 (citations omitted).

### IV. DISCUSSION

For a federal court to exercise specific jurisdiction over a defendant, that defendant must have "purposely availed[ed] himself of the privilege of acting in the forum state or caus[ed] a consequence in the forum state." *S. Mach. Co. v. Mohasco Indus.*, 401 F.2d 374, 381 (6th Cir. 1968).

The plaintiff alleges that UMG is registered to do business in Tennessee, maintains an office in this judicial district, and has distributed the Released Master, in violation of copyright, in

this judicial district. (Doc. No. 1 ¶¶ 2–3, 6, 7.) The defendant responds that registering to do business in a state is insufficient for purposeful availment; that it has no office in Tennessee; and that it is merely a holding company—it has no day-to-day operations and does not market, sell, or distribute music. (Doc. No. 15, at 5, 9–11.)

The plaintiff argues that, through non-public intercompany agreements, UMG Australia authorized the defendant or its affiliates to distribute "Be Alright" in America. (Doc. No. 20, at 2, 8.) According to the Complaint, and thus far undisputed, *some* United States affiliate of UMG Australia distributed the song in this judicial district. After the defendant filed its Motion to Dismiss, plaintiff's counsel asked defense counsel to identify the "affiliate of Defendant UMG responsible for the U.S. exploitation of 'Be Alright'" and specifically asked whether that entity is UMG Recordings, Inc. (Doc. No. 20-1 ¶¶ 4–5.) But defense counsel reported that he is not authorized to disclose which UMG entity exploited "Be Alright" in America. (*Id.* ¶ 8; Doc. No. 20, at 8–9.)

To determine the proper defendant, the plaintiff states, he looked to Universal Music Group's website. (Doc. No. 20, at 2–3.) According to the website, "Universal Music Group" "own[s] and operate[s] a broad array of businesses engaged in recorded music, music publishing, merchandising, and audiovisual content in more than 60 territories." (Doc. No. 20, at 2 n.1.) Further, "Universal Music Group" "produce[s], distribute[s] and promote[s] . . . music." (*Id.* at 3 n.2.) and an organizational chart on the website shows "Universal Music Group, Inc." as the head corporate entity for the United States. (*Id.* at 3.) The plaintiff asserts that no other publicly available information reveals which corporate entity would be responsible for the Released Master's distribution in the United States, if not the defendant. (*Id.* at 4–5.) The parties dispute whether UMG's corporate secretary's Declaration (Doc. No. 16)—disclaiming the defendant's

involvement in the facts in this case—contradicts Universal Music Group's website. (*Compare* Doc. No. 20, at 2 ("The substance of this declaration differs from the information that is publicly available concerning the corporate structure of Defendants and their affiliates and subsidiaries."), *with* Doc. No. 22, at 4 (stating that Universal Music Group's website does not "provide[] any support for Plaintiff's requested discovery").)

The plaintiff now argues that the defendant "should not be permitted to use its exclusive knowledge regarding its own corporate structure and inner workings" as a shield. (Doc. No. 20, at 9.) The plaintiff argues that he needs discovery to determine the "the role of Defendant UMG in the facts alleged" and the correct corporate entity in the Universal Music Group family, if not UMG, to sue. (*Id.* at 7–9.) The plaintiff claims a "good faith basis to believe that Defendant UMG is the party responsible for the exploitation of the [Released Master] . . . or, at a minimum, that the exploitation of the [Released Master] is being conducted by a subsidiary or affiliate of Defendant UMG." (Doc. No. 19, at 1.)

The defendant responds that the plaintiff's request for jurisdictional discovery "is not jurisdictional discovery at all." (Doc. No. 22, at 1.) Rather, the defendant argues, the plaintiff has "admit[ted] he knows that UMG[] is the wrong defendant,[2] but he seeks leave to probe the identity of the entity responsible for the exploitation of the Sound Recording in the U.S." (*Id.* at 1 (quotation marks omitted, citation omitted).) The defendant argues that, because the plaintiff has admitted that the defendant is not subject to this court's jurisdiction, the court has "no authority to enter an

---

[2] In fact, the plaintiff has not made this concession. (*See* Doc. No. 19, at 1 ("Plaintiff has a good faith basis to believe that Defendant UMG is the party responsible for the exploitation of the sound recording "Be Alright" (the "Sound Recording") in the United States, or, at a minimum, that the exploitation of the Sound Recording is being conducted by a subsidiary or affiliate of Defendant UMG.").)

5

order subjecting [it] to 'intrusive and burdensome discovery." (*Id.* at 3 (quoting *Caribbean Broad. Sys., v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998)).)

The plaintiff does not seek leave for a fishing expedition. Rather, the plaintiff seeks limited discovery to determine which of the Universal Music Group's various corporate entities is responsible for the alleged copyright infringement and the defendant's connection, if any, to them. Moreover, courts around the country have permitted jurisdictional discovery to determine which of several corporate entities is the proper defendant.[3] Such discovery would be far from "intrusive and burdensome" in this case. Rather, it appears that UMG knows which related corporate entity was responsible for the Released Master's United States distribution.[4]

For the foregoing reasons, the court will grant the plaintiff's Motion for Jurisdictional Discover but limit discovery to (1) identifying the Universal Music Group entity, if any,

---

[3] *See, e.g.*, *Howell v. Bumble, Inc.*, No. 21 CV 6898, 2023 WL 6126492, at *14 (N.D. Ill. Sept. 19, 2023) ("Some entity in the Bumble family [allegedly violated state law.]"); *Warren v. Whole Foods Mkt. Cal., Inc.*, No. 21-CV-04577-EMC, 2022 WL 2644103, at *2 (N.D. Cal. July 8, 2022) (granting limited discovery on the issue of which Whole Foods Market entity may be liable for the alleged mislabeling); *Paroni v. Alstom SA*, No. 19-CIV-1034 (PAE), 2020 WL 1033406, at *5 (S.D.N.Y. Mar. 3, 2020) (authorizing jurisdictional discovery to "determine whether [the defendant] is the proper party to sue or whether there are other entities which [the plaintiff] may pursue"); Order Re: Jurisdictional Discovery Pertaining to Article III Standing, *MAO-MSO Recovery II, LLC v. Farmers Ins. Exch.*, No. 217-CV-02522-CAS (PLAx), at *1 (C.D. Cal. Feb. 26, 2018), Doc. No. 89 (directing "the parties to engage in limited jurisdictional discovery regarding Article III standing in order to determine which corporate entities within the Farmers Insurance Group of Companies should be named as defendants in this action"); *Tsann Kuen (Zhangzhou) Enter. Co. v. Sutton*, No. 1:12-CV-04471-RMB-AMD, 2012 WL 13034193, at *1 (D.N.J. Oct. 4, 2012) (ordering a jurisdictional discovery hearing "to determine who the proper defendants are, since all documents and information relating to Defendants' business operations and the organizational structures of the companies incorporated by them are in Defendants' possession); *Hewitt v. Mobile Reach Int'l*, No. 6:06-CV-1105-ORL-31KRS, 2007 WL 219973, at *1 (M.D. Fla. Jan. 26, 2007) ("Whether the proper defendant has been named is a proper subject for jurisdictional discovery.").

[4] As reported by plaintiff's counsel, defense counsel stated that he is not authorized to disclose this information—not that he does not have it. (Doc. No. 20-1 ¶ 8.)

responsible for distributing the Released Master in this judicial district; (2) that entity's relationship, if any, with UMG; and (3) information related to that entity's contacts with this judicial district. The court will defer a ruling on the Motion to Dismiss (Doc. No. 14) pending jurisdictional discovery.

V. CONCLUSION

For the reasons set forth herein, the Motion for Leave will be granted, as above delimited.

_____
ALETA A. TRAUGER
United States District Judge